UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| FRANCISCO COC TUT, et al<br><br>Plaintiff,<br><br>vs.<br><br>KRISTI NOEM<br><br>Defendants. | Case No. 5:25-cv-02701-DOC<br><br>**ORDER DENYING PRELIMINARY INJUNCTION AS MOOT AND ORDERING PARTIES TO SHOW CAUSE AS TO WHY THIS CASE SHOULD NOT BE DISMISSED** |

Before the Court is a question of whether a preliminary injunction should be granted following the temporary restraining order (TRO) that was granted on October 16, 2025 (Dkt. 8). For the reasons below, the Court **DENIES AS MOOT** the issuance of a preliminary injunction.

## I. BACKGROUND

### A. Facts

The court incorporates the facts as recited in its TRO (*See* Dkt. 8). The court ordered in its TRO that Respondents provide Petitioners with individualized bond hearings and prohibited the transfer, relocation, or removal of Petitioners from the Central District of California without further order of the Court and pending final resolution of this litigation. (*Id*. at 9). Additionally, the Court ordered Respondents to show cause as to why a preliminary injunction should not issue (*Id*).

On October 21, 2025 Respondents filed a response to the Court's order to show cause (Dkt. 9). Petitioners filed a reply in support of a preliminary injunction on October 24, 2024 (Dkt. 10). Respondents filed a response to the reply on October 27, 2024 (Dkt. 11). Parties further briefed the court during the hearing to show cause on October 28, 2025.

In its October 27, 2025 rely, Respondents informed the court that six out of seven Petitioners received bond hearings (Dkt. 11). The request for a bond hearing was withdrawn by one of the Petitioners. (*Id.*) Respondents assert that the issue of a preliminary injunction is mooted by the Court's issuance of the TRO and the subsequent bond hearings of the Petitioners (Dkt. 11 at 2).

## II. LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy never awarded as a matter of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Whether to grant or deny such relief "is a matter within the court's discretion." *Koller v. Brown*, 224 F. Supp. 3d 871, 875 (N.D. Cal. 2016). A party seeking a preliminary injunction "must establish (1) that he is

likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 979 (9th Cir. 2011) (citation and brackets omitted).

However, a denial of a preliminary injunction application on the basis of mootness is warranted "[w]hen interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987). *See also Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377, 1379 (9th Cir. 1978). Further, courts have an obligation to consider mootness sua sponte, and should deny requested relief where it is superfluous. *In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005); *Pasiphae Holdings, Inc. v. SE Logistix Corp.*, No. 5:23-CV-00186-SSS-SHKX, 2023 WL 4317191 (C.D. Cal. May 8, 2023) (denying a preliminary injunction as moot where the requested relief would be superfluous).

## III. DISCUSSION

Petitioners requested that this Court intervene to ensure that they receive individualized bond hearings in their petition for habeas corpus relief (Dkt. 1). The Respondent's filing on October 27, 2025 evidences that the Petitioners who requested a bond hearing received a bond hearing (Dkt. 11). Petitioners did not contradict this information at oral arguments. The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988). Since the relief sought by Petitioners has already been granted, the Court finds the preliminary injunction moot.

The Court understands Petitioners concerns regarding re-detention. Petitioners may seek relief from the Court should they be re-detained by immigration officials and held without bond pursuant to the Government's new policy.

## IV. DISPOSITION

For the foregoing reasons, the Court **DENIES AS MOOT** the Preliminary Injunction. The Court **ORDERS** Petitioners to show cause as to why the Court should not dismiss the Petition as moot in light of Petitioners receiving bond hearings. Petitioners shall file their response to this order by November 6, 2025. Respondents may file a reply by November 13, 2025.

DATED: October 30, 2025

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE